**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Javier Rico-Torres,<br><br>             Plaintiff,<br><br>  v.<br><br>Darcy Cameron, et al.,<br><br>             Defendants. | Case No. 2:22-cv-01869-APG-BNW<br><br>**ORDER** |

Pro se Plaintiff Javier Rico-Torres is currently incarcerated at High Desert State Prison. Mr. Torres submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 6). He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Mr. Torres' request to proceed *in forma pauperis* will be granted.

**I.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

1   In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Screening the Complaint**

Mr. Torres alleges that the district attorney prosecuting his case improperly stacked charges, that the public defender was ineffective, and that the judge should have dismissed the stacked charges. In turn, he alleges these defendants violated several of his constitutional rights.

"In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated." *Trimble v. City of Santa Rose*, 49 F.3d 583, 585 (9th Cir. 2004). Here, a judgment in Plaintiff's favor (finding that his rights to effective assistance of counsel or due process were violated) would necessarily imply the invalidity of his conviction or sentence. However, Plaintiff has not pled whether his conviction or sentence has been reversed or otherwise invalidated. As such, the Court cannot tell if his constitutional claims have accrued yet or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

If Plaintiff's conviction or sentence has not yet been reversed or invalidated, his constitutional claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

If Mr. Torres wishes to pursue his claims, he must either (1) file an amended complaint by March 24, 2023 alleging that his underlying conviction or sentence has been invalidated or

1  reversed; or (2) file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See White*
2  *v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v.*
3  *Marshall*, 603 F.3d 880, 886 (9th Cir. 2004) (en banc). Section 2254(b)–(d) outlines the various
4  requirements an individual must exhaust before filing such a petition.

5  **III.    Conclusion**

6      **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis*
7  (ECF No. 6) is GRANTED. Plaintiff will **not** be required to pay an initial installment
8  fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by
9  the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to
10 conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

11     **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
12 Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from
13 the account of Javier Rico-Torres (Inmate No. 1237813) to the Clerk of the United States District
14 Court, District of Nevada, 20% of the preceding month's deposits (in months that the account
15 exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court
16 will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a
17 copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of**
18 **Corrections,** P.O. Box 7011, Carson City, NV 89702.

19     **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
20 unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the
21 Prison Litigation Reform Act.

22     **IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file
23 Plaintiff's complaint (ECF No. 1-1).

24     **IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed
25 without prejudice.

26     **IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint in this
27 case, he must do so by March 24, 2023. In his amended complaint, he must state whether his
28

1  underlying conviction or sentence has been reversed or invalidated. Failure to comply with this
2  order will result in a recommendation that this case be dismissed.
3       **IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an
4  *in forma pauperis* application for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254
5  habeas corpus form, and instructions for the same.
6       **IT IS FURTHER ORDERED** that if Plaintiff chooses to file a habeas corpus petition and
7  an *in forma pauperis* application, he must do so in a new case.

DATED: February 24, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE